UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

THOMAS FARROW,

                                    Plaintiff,

        -v.-                                                                5:12-CV-1401
                                                                                  (LEK/ATB)

THE CITY OF SYRACUSE, *et al.*,

                                    Defendants.

---

THOMAS FARROW
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

     The Clerk has sent to the Court for review a complaint submitted for filing by plaintiff, Thomas Farrow, together with an application for in forma pauperis ("IFP") status. (Dkt. Nos. 1, 2).

**I.**    ***In Forma Pauperis* (IFP) Application**

     A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). In his application, plaintiff states that he is currently incarcerated in the Groveland Correctional Facility, having only "institutional programming pay." (Dkt. No. 2 at 2). The filing fee is $350.00. The declaration of plaintiff's finances qualifies him for IFP status. However, in his application for IFP, plaintiff submitted an "Inmate Authorization Form" that was insufficient because the form only obligated payment of a $150.00 filing fee.[1] (Dkt. No. 3). On September 13,

---

[1] Plaintiff used an outdated version of the authorization form.

2012, I issued an order directing plaintiff to submit the appropriate authorization form. The court has now reviewed plaintiff's complaint and finds that dismissal of *some* of the claims is appropriate under any circumstances, therefore, the court will consider the merits of the complaint, regardless of the insufficiency of the authorization form.[2] Plaintiff will still have to file the appropriate form in order for any part of his action to proceed.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party

---

[2] Because this court is finding that some claims should proceed, plaintiff will still have to file the appropriate authorization form by October 15, 2012, indicating that he will be obligated to pay the entire $350.00. (Dkt. No. 4). If he fails to do so, he will risk dismissal of the entire complaint.

has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

In this civil rights complaint, plaintiff alleges that he was the subject of various constitutional violations committed by the defendants in conjunction with plaintiff's arrest on December 8, 2010. (Compl., Dkt. No. 1). Plaintiff claims that the defendant police officers used excessive force during his arrest. (Compl. at 7-8, 10-11).[3] Plaintiff states the named judicial officers and the defendant assistant district attorney denied plaintiff his constitutional rights from his initial appearance, where he was

---

[3] The pages refer to those assigned by the court's electronic filing system ("CM/ECF"). Plaintiff has numbered his paragraphs so that each claim begins with ¶ 1. He has done the same with the pages of the document, making it very difficult for the court to cite to the complaint because his system has resulted in multiple paragraphs and pages having the same number. Thus, the court will utilize the CM/ECF pages that are sequentially numbered at the top of the page.

denied his right to counsel, through his allegedly coerced guilty plea. (Compl. at 10-13). Plaintiff seeks substantial monetary relief. (Compl. at 6). Plaintiff claims that the City of Syracuse failed to properly train and was negligent in its supervision of its law enforcement employees and that the City had a custom or policy of permitting these violations to occur. (Compl. at 12-13).

For the following reasons only plaintiff's claims of excessive force may proceed against the two individual police officers and the City of Syracuse. The rest of plaintiff's claims and defendants must be dismissed.

### A.    Judicial and Prosecutorial Immunity

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976)(citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

Prosecutors also enjoy absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the Grand Jury).

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation omitted). The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006). It has also been held that a prosecutor is entitled to absolute immunity for his decision not to prosecute, regardless of the motivation for his or her decision. *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

In this case, plaintiff claims that defendant City Court Judge Cecile violated plaintiff's rights to due process and equal protection when he denied plaintiff his right to counsel at his "bedside arraignment." (Compl. at 9). Plaintiff claims that defendant County Court Judge Brunetti violated plaintiff's constitutional rights when he failed to afford plaintiff a competency hearing, resulting in an involuntary plea. (Compl. at 10). Plaintiff also claims that defendant Assistant District Attorney Manfredi denied plaintiff his right to counsel at his "bedside arraignment" at University Hospital on

5

December 8, 2010. (Compl. at 9).

All of the alleged violations that plaintiff claims were committed by the judges and the prosecutor were in connection with either their judicial or their prosecutorial functions. The alleged denial of plaintiff's right to counsel at his arraignment and the alleged failure to afford plaintiff a competency hearing are clearly functions related to the plaintiff's prosecution and come within the scope of either absolute judicial or prosecutorial immunity. Thus all claims against defendants Cecile, Brunetti, and Manfredi must be dismissed.

### B. *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a section 1983 action, seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87.

Regardless of the absolute immunity discussed above, any decision in favor of plaintiff regarding his right to counsel or the voluntariness of his plea would potentially invalidate his conviction. Because plaintiff has not alleged that the conviction has been reversed on direct appeal, expunged, declared invalid, or called into question by a federal habeas court, *Heck* prevents this court from considering them. Thus, civil rights claims relating to plaintiff's criminal conviction must be dismissed at this time.

### C.   Excessive Force

Plaintiff also claims that the police officer defendants, Wigton and Quonce used excessive force during plaintiff's arrest on December 8, 2010, necessitating hospitalization and resulting in serious injuries. (Compl. at 10-11). Plaintiff also claims that the City of Syracuse had a policy or custom of allowing such excessive force to occur. (Compl. at 11). The Fourth Amendment protects against the use of excessive force by the police during an arrest. *Graham v. Connor*, 490 U.S. 386, 394-98 (1989). *Heck* does not bar claims for excessive force because a decision in favor of the plaintiff would not necessarily invalidate the conviction. *Bourdon v. Vacco*, 213 F.3d 625 (2d Cir. 2000) (plaintiff's claims of excessive force did not implicate the validity of the conviction because any damages would stem from the activities of the police officers during the search and not from the ensuing conviction or incarceration).

The claims against the City of Syracuse may proceed because plaintiff has stated that the City had a policy and custom of allowing such excessive force to occur and that the City failed to properly train its officers. A municipality such as the City of Syracuse may be held liable as a "person" within the meaning of section 1983. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). However, in order for the municipality to be found liable, the civil rights violation in question must have been caused by the municipality's policy or custom. *Id.* at 694. The policy must be the "moving force" behind the constitutional violation. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (internal quotations omitted). Plaintiff

must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal connection between the municipal action and the deprivation of federal rights. *Id.*

In this case, without finding that plaintiff's claim has any merit at this point, the court finds that he has stated his municipal liability claim sufficiently to proceed at this time. Thus, plaintiff's excessive force claims against the individual officers and against the City of Syracuse may proceed.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF THIS RECOMMENDATION ONLY**, and it is

**ORDERED**, that plaintiff is still obligated to submit the proper authorization form according to my Order of September 14, 2012 (Dkt. No. 4), and it is

**RECOMMENDED**, that plaintiff's claims against defendants **CECILE, BRUNETTI, and MANFREDI** be **DISMISSED SUA SPONTE WITH PREJUDICE** based upon absolute immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), and it is

**RECOMMENDED**, that if the District Judge adopts this Recommendation, this case proceed only as to plaintiff's claims of excessive force and only against defendants **WIGTON, QUONCE, AND THE CITY OF SYRACUSE**, and that the Court return the complaint to me for the purpose of ordering service on the remaining defendants, and it is

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be**

**accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

    **ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on plaintiff.

    Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 17, 2012

                                                Hon. Andrew T. Baxter
                                                U.S. Magistrate Judge